**JURY TRIAL DEMANDED**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DR. TAREK EL-BAWAB.     **PLAINTIFF**

VS.     CIVIL ACTION NO. 3:15cv 733 DPJ-FKB

JACKSON STATE UNIVERSITY     **DEFENDANT**

**COMPLAINT**

THIS IS AN ACTION under Title VII of the Civil Rights Act of 1964 (as amended) for national origin discrimination and retaliation in employment.

**JURISDICTION**

**1.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 2201, along with 42 U.S.C. §2000e-16(a). 42 U.S.C. §2000e-16(a) provides generally that all personnel actions affecting employees of the State of Mississippi and Jackson State University shall be free from discrimination based upon national origin and/or retaliation.

**VENUE**

**2.**

Venue is proper in this District and Division.

## PARTIES

**3.**

Plaintiff Dr. Tarek El-Bawab is an adult resident citizen of the Southern District of Mississippi, Northern Division.

**4.**

The Defendant Jackson State University is a body politic and corporate created by Mississippi Code Annotated § 37-125-1 *et seq.*, empowered, *inter alia*, to adopt by-laws, rules and regulations for the governing of its members, official agents, and employees, such as the Plaintiff, to contract and be contracted with, and to receive any legal method of transfer or conveyance. Defendant Jackson State University is a "University" of the "State" of Mississippi, pursuant to § 11-46-1(j) and is a "political subdivision" thereof, pursuant to § 11-46-1(i) of the Mississippi Code Annotated (Supp. 2000). Jackson State University may be served with process of this Court by serving its Chief Executive Officer, its President and Executive Head, Carolyn W. Meyers, at 1400 John R. Lynch Street, Jackson, Hinds County, Mississippi 39217. and by serving the Attorney General of the State of Mississippi, pursuant to Rule 4 (d) (5) of the Mississippi Rules of Civil Procedure. Jackson State University is an employer as defined by Title VII of the Civil Rights Act of 1964 (as amended).

## EXHAUSTION

**5.**

Plaintiff has fully exhausted all administrative remedies pursuant to Title VII of the Civil Rights Act of 1964 (as amended).

## FACTS

**6.**

On or about August 18, 2005, Dr. Tarek El-Bawab was hired as Associate Professor in the Department of Computer [now Electrical and Computer] Engineering at Defendant Jackson State University.  Dr. El-Bawab has a light skin complexion.  Dr. Mahmoud Manzoul at all times material was the chair of Jackson State's Department of Computer [now Electrical and Computer] Engineering.  Dr. Manzoul is from Sudan and his skin complexion is dark.

**7.**

The discrimination against Plaintiff Dr. Tarek El-Bawab was the subject of litigation styled Dr. Tarek El-Bawab vs. Jackson State University, No. 3:11cv553-DPJ-FKB, in the United States District Court, Southern District of Mississippi, dismissed upon settlement by order of January 21, 2014.

**8.**

Since the conclusion of the said precedent case, Plaintiff Dr. Tarek El-Bawab, has been subjected to discrimination and retaliation by Defendant.

**9.**

Jackson State University's policy requires that an applicant satisfy a number of requirements to be granted promotion from Associate to Full Professor.  These requirements include, *inter alia*, that the candidate have a terminal (Doctorate) degree in the discipline; that he or she has worked a minimum of eight creditable (and continuous) years as tenure-track/tenured Assistant and Associate Professor; and that he or she satisfy certain research and scholarly requirements:  authoring eight peer-reviewed scholarly journal papers and obtaining two grants.

**10.**

The Plaintiff was denied all opportunities to perform research in his area of expertise, which is telecommunication engineering. For two years after Plaintiff's filing his first civil action, Dr. Manzoul withdrew Plaintiff from any involvement in the Department's graduate program. Dr. Manzoul went so far as to cancel a required graduate course taught only by the Plaintiff

**11.**

As a result of his complaints and for at least three (3) years, Plaintiff has not been engaged in or informed of his annual performance evaluations, in violation of Defendant's own procedures.

**12.**

The Plaintiff applied for promotion in 2011-2012, after obtaining an additional grant. Yet, his application was wrongly denied again. Even the grant(s) Jackson State University had counted for him earlier (towards tenure) were discounted.

**13.**

Plaintiff Dr. Tarek El-Bawab has engineering degrees at all levels, having received his Ph.D. in Electrical Engineering from Colorado State University. He had, and has, produced in excess of two grants while employed at Jackson State University and in excess of eight journal publications. It may also be noted that Plaintiff Dr. El-Bawab had approximately 20 years of creditable industrial experience at the time of his hiring.

**14.**

After the settlement of the 2011 case in 2014, the Plaintiff submitted a petition on March 10, 2014, to Dr. Carolyn W. Meyers, the President of Jackson State University, for full adjustment of his status, requesting that he be promoted retroactively to Full Professor beginning with the school year 2005-2006 and be paid back pay accordingly. He was advised to apply through the normal application system, which cycle was for the 2014-2015 school year.

**15.**

During the 2014-2015 school year, Plaintiff again applied for promotion to Full Professor.

**16.**

Dr. Mahmoud Manzoul, as Chair of the Department of Computer [now Electrical and Computer] Engineering, stacked the Department's Promotion and Tenure Committee to insure that the Plaintiff never would receive his promotion by appointing Committee members Dr. Manzoul knew would deny Plaintiff's application because of Plaintiff's national origin and prior protected Equal Employment activity. In an act of national origin discrimination and retaliation, the Committee recommended that Plaintiff's application for promotion be denied. Furthermore, the Committee claimed that the Plaintiff does not meet ambiguous Department requirements which have never been applied to anybody.

**17.**

Dr. Mahmoud Manzoul, Chair, also recommended that Plaintiff's application for promotion be denied. The Dean of the College of Science, Engineering and Technology, Richard

Alo, recommended denial. Provost James Renick recommended denial, and Carolyn W. Meyers, President of Jackson State University, denied Plaintiff's application for promotion.

18.

Throughout the 2014-2015 promotion and tenure process, none of the dates specified by policy for notifying the Plaintiff of recommendations for promotion was followed by the College of Science, Engineering, and Technology (CSET), by the CSET Dean, by the Jackson State University Provost, and by the Jackson State University President. Both the college Committee Chair and the Dean did not tell Plaintiff their recommendations and, accordingly, denied Plaintiff his right to complaint and/or withdraw his application, per policy. Jackson State University procedure also required that Plaintiff receive the Provost's letter by March 15 to allow a timely appeal of any proposed denial. The President's final written decision was due by April 15. Plaintiff received the President's denial letter before the Provost's letter. He received both letters after the school year ended. The sequence and timing of receiving the letters prevented Plaintiff from filing a timely internal appeal.

19.

Also contrary to policy, the Provost's letter did not specify the reason(s) Plaintiff was denied promotion. Both the Provost's and the President's letters referred Plaintiff to the Department Chair, Dr. Mahmoud Manzoul, and the CSET Dean, Dr. Richard Alo, to receive reason(s) why he was denied promotion. In response to Plaintiff's request, Dr. Manzoul, Department Chair, stated that Plaintiff had not met the grants requirement and the Department Committee had voted to deny the promotion. The Dean adopted the Chair's reasoning. However, in its Response to Plaintiff's EEOC complaint, Jackson State University stated

Plaintiff was denied promotion because of not meeting the Jackson State University requirements of "Research, Scholarly and Creative Activities," and added that the Plaintiff "did not meet the requirements in the areas of "Collegiality" and "Teaching and Advising Excellence."

## 20.

Correspondingly, Plaintiff's request for adjustment of status retroactively making him a Full Professor with tenure effective 2005 also was denied in the same identical sequence by the same committees and agents of Jackson State University.

## 21.

As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has suffered loss of pay, loss of fringe benefits, loss of promotion, loss of reputation, aggravation, and severe mental anguish and emotional distress.

## DISCRIMINATION

## 22.

Plaintiff is (1) a member of a protected class, (2) Plaintiff is qualified for his position, (3) Plaintiff has suffered an adverse employment action, and (4) favorable treatment was given to persons outside the protected class and others similarly situated were treated more favorably. The discrimination has been meted out against Plaintiff Dr. Tarek El-Bawab because of his national origin, white Egyptian.

## HOSTILE WORK ENVIRONMENT

## 23.

The Plaintiff (1) belongs to a protected class, (2) Plaintiff has been subjected to unwelcome, abusive, and discriminatory conduct by the Defendant, (3) the harassment was based

upon national origin, white Egyptian, and (4) the harassment affected a term, condition, or privilege of employment.  Under a totality of the circumstances, the Plaintiff can show that he has been subjected to harassment and that the harassment had been continuous and is ongoing.

## RETALIATION

### 24.

The Plaintiff (1) has engaged in activity protected under Title VII of the Civil Rights Act of 1964 (as amended), (2) an adverse employment action occurred when Plaintiff did not receive his promotion and his adjustment of status, and (3) a causal link exists between Plaintiff Dr. Tarek El-Bawab's protected activity and the adverse action or actions.

## IRREPARABLE HARM

### 25.

Plaintiff faces irreparable harm for which there is no adequate remedy of law.

### 26.

Plaintiff is entitled to an injunction adjusting his status by directing Defendant Jackson State University to promote him to Full Professor retroactively for the school year 2005-2006 until the present date, and to pay Plaintiff Dr. Tarek El-Bawab the back pay and fringe benefits owed him, said back pay being the difference between what he was paid and what he would have been paid as Full Professor beginning with the school year 2005 and 2006 until the present.  This Court also should order a prospective injunction enjoining Defendant Jackson State University to maintain the Plaintiff as a Full Professor of the College of Science, Engineering and Technology.

## 27.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief assessed and awarded:

1. An injunction promoting Plaintiff to Full Professor effective the 2005-2006 school year with full back pay and fringe benefits.

2. A judgment of and from the Defendant in an amount set by the jury for back pay, salary increases, awards and bonuses and income lost for Plaintiff's having been passed over for promotions, not afforded to the Plaintiff because of discrimination based upon his national origin, white Egyptian, a hostile work environment, and retaliation for asserting his Equal Employment Opportunity rights.

3. An injunction promoting the Plaintiff to positions and commensurate pay he would have held and received if he had not been subjected to discrimination and retaliation, as well as correction of his annual performance evaluations.

4. Damages in an amount set by the jury for mental anguish, loss of reputation, and emotional distress proximately caused by the retaliation, national origin discrimination, and hostile working environment Plaintiff has suffered.

5. The cost of this cause including a reasonable attorney's fees.

6. General relief.

Respectfully submitted, this the ___9th___ day of October, 2015.

_Dennis L. Horn_
Dennis L. Horn, Attorney for Plaintiff,
Dr. Tarek El-Bawab

Dennis L. Horn (MSB #2645)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Telephone: (601) 853-6090
Facsimile: (601) 853-2878
hornpayne@gmail.com