**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DR. TAREK EL-BAWAB**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 3:15-cv-00733-DPJ-FKB**

**JACKSON STATE UNIVERSITY**                                          **DEFENDANT**

***CONSOLIDATED WITH CASE*:**

**DR. TAREK EL-BAWAB**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 3:16-cv-00845-DPJ-FKB**

**CAROLYN W. MEYERS, ET AL.**                                          **DEFENDANTS**

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
VERIFIED COMPLAINT**

Defendants Jackson State University, Carolyn W. Meyers, Richard A. Alo, and Mahmoud A. Manzoul ("Defendants") file the following Answer and Affirmative Defenses in response to Plaintiff Tarek El-Bawab's ("Plaintiff") first supplemental complaint ("complaint").  Defendants deny each and every allegation contained in the complaint, except those which are expressly admitted.

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted, in whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff did not exhaust his administrative remedies for some or all of his alleged claims or allegations, those claims and allegations may not be pursued in this action.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Defendants plead the defense of good faith.

## SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral, equitable and/or judicial estoppel, and/or res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants plead after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly is denied, such damages must be reduced.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, and Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

## TENTH AFFIRMATIVE DEFENSE

Defendants plead the exclusivity provisions of Mississippi's Worker's Compensation law.

## ELEVENTH AFFIRMATIVE DEFENSE

While all of Defendants' actions related to Plaintiff were taken for legitimate reasons, Defendants affirmatively plead that, if it is found that their actions were motivated by both

PD.21861822.1

lawful and unlawful reasons, the lawful reasons alone would have induced Defendants to take the same action.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the honest belief defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of attorney's fees under 42 U.S.C. § 1988.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants plead that some or all of the allegations included in the complaint are barred due to prior litigation between the parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for any allegation or claim not included in a timely sworn charge of discrimination or not sued upon within 90 days of receiving an EEOC right-to-sue notice.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Jackson State is an arm or agency of the State of Mississippi and is therefore immune from suit and judgment by virtue of sovereign immunity, except to the extent that such immunity has been abrogated by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, including, but not limited to, all applicable statutes of limitations, exemptions from liability, immunity provisions, jurisdictional prerequisites to suit, and right to a bench trial instead of jury trial.

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Defendants respond to the complaint as follows:

Defendants admit that, in the unnumbered paragraph preceding paragraph 1., Plaintiff aims to identify what type of action this is. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION

1.    Defendants admit that Plaintiff is attempting to invoke federal question jurisdiction, as set forth in paragraph 1 of the complaint. The remaining allegations included in paragraph 1 call for a legal conclusion and are denied.

## VENUE

2.    Defendants admit that venue is proper.

## PARTIES

3.    The allegations contained in paragraph 3 of the complaint are denied for lack of sufficient information.

4.    The allegations contained in paragraph 4 of the complaint are denied.

5.    The allegations contained in paragraph 5 of the complaint call for a legal conclusion and are denied.

6.    The allegations contained in paragraph 6 of the complaint call for a legal conclusion and are denied.

7.    The allegations contained in paragraph 7 of the complaint call for a legal conclusion and are denied.

PD.21861822.1

8.      The allegations contained in paragraph 8 of the complaint call for a legal conclusion and are denied.

## EXHAUSTION

9.      The allegations contained in paragraph 9 of the complaint call for a legal conclusion and are denied.

## FACTS

10.      The allegations contained in paragraph 10 of the complaint are denied.

11.      The allegations contained in paragraph 11 of the complaint are denied.

12.      The allegations contained in paragraph 12 of the complaint are denied.

13.      The allegations contained in paragraph 13 of the complaint are denied.

14.      The allegations contained in paragraph 14 of the complaint are denied.

15.      The allegations contained in paragraph 15 of the complaint are denied.

16.      The allegations contained in paragraph 16 of the complaint are denied.

17.      The allegations contained in paragraph 17 of the complaint are denied.

18.      The allegations contained in paragraph 18 of the complaint are denied.

19.      The allegations contained in paragraph 19 of the complaint are denied.

20.      The allegations contained in paragraph 20 of the complaint are denied.

21.      The allegations contained in paragraph 21 of the complaint are denied.

22.      The allegations contained in paragraph 22 of the complaint are denied.

23.      The allegations contained in paragraph 23 of the complaint are denied.

24.      The allegations contained in paragraph 24 of the complaint are denied.

25.      The allegations contained in paragraph 25 of the complaint are denied.

26.      The allegations contained in paragraph 26 of the complaint are denied.

PD.21861822.1

27.     The allegations contained in paragraph 27 of the complaint are denied.

28.     The allegations contained in paragraph 28 of the complaint are denied.

29.     The allegations contained in paragraph 29 of the complaint are denied.

30.     The allegations contained in paragraph 30 of the complaint are denied.

31.     The allegations contained in paragraph 31 of the complaint are denied.

32.     The allegations contained in paragraph 32 of the complaint are denied.

33.     The allegations contained in paragraph 33 of the complaint are denied.

34.     The allegations contained in paragraph 34 of the complaint are denied.

## HOSTILE WORK ENVIRONMENT[1]

35.     The allegations contained in paragraph 35 of the complaint are denied.

## FIRST AMENDMENT RETALIATION

36.     The allegations contained in paragraph 36 of the complaint are denied.

37.     The allegations contained in paragraph 37 of the complaint are denied.

## IRREPARABLE HARM

38.     The allegations contained in paragraph 38 of the complaint are denied.

## COUNT II.

39.     Defendants' prior responses to paragraphs 1 through 38 are incorporated by reference.

40.     The allegations contained in paragraph 40 of the complaint are denied.

41.      The allegations contained in paragraph 41 of the complaint are denied.

42.     The allegations contained in paragraph 42 of the complaint are denied.

43.     The allegations contained in paragraph 43 of the complaint are denied.

---

[1]     Defendants note that, unlike other portions of the complaint, the number 35 precedes the heading "HOSTILE WORK ENVIRONMENT[.]"

44. The allegations contained in paragraph 44 of the complaint are denied.

45. Defendant admits that Plaintiff attempts to incorporate allegations in paragraph 45 of the complaint but denies Plaintiff's allegations.

46. The allegations contained in paragraph 46 of the complaint are denied.

## DISCRIMINATION

47. The allegations contained in paragraph 47 of the complaint are denied.

## HOSTILE WORK ENVIRONMENT

48. The allegations contained in paragraph 48 of the complaint are denied.

## RETALIATION

49. The allegations contained in paragraph 49 of the complaint are denied.

## IRREPARABLE HARM

50. The allegations contained in paragraph 50 of the complaint are denied.

51. The allegations contained in paragraph 51 of the complaint are denied.

52. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 52 of the complaint, including subparagraphs 1 through 9 "pursuant to Count I" and 1 through  6 "pursuant to Count II," and Defendants further deny that Plaintiff is entitled to relief of any sort.

Consistent with the affirmative defenses and answers set forth herein, Defendants request that the complaint be dismissed, with all costs taxed to the Plaintiff, and that an award of costs and attorney's fees be provided to Defendants.

Dated: July 20, 2017.

- 7 -

Respectfully submitted,

PHELPS DUNBAR LLP

BY:   /s/ *LaToya C. Merritt*
       LaToya C. Merritt, MB #100054
       G. Todd Butler, MB #102907
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Post Office Box 16114
       Jackson, Mississippi  39236-6114
       Telephone: 601-352-2300
       Telecopier: 601-360-9777

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 20, 2017, I electronically filed this pleading with the Clerk of the

Court, using the CM/ECF system, which sent notification of such filing to the following counsel

of record:

Dennis L. Horn, Esq.
Shirley Payne, Esq.
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130
601/853-6090
601/853-2878 (fax)
hornpayne@gmail.com

Stephen A. Brandon
Attorney at Law
2648 Ridgewood Road, Suite B
Jackson, Mississippi 39216
(601) 714-2771
(601) 982-0371
steve@stevebrandonlaw.com

***ATTORNEYS FOR PLAINTIFF***

*/s/ LaToya C. Merritt* _____
LaToya C. Merritt