UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DR. TAREK EL-BAWAB                                                                         PLAINTIFF

V.                                      CIVIL ACTION NO. 3:15-CV-733-DPJ-FKB

JACKSON STATE UNIVERSITY                                    DEFENDANT

consolidated with

DR. TAREK EL-BAWAB                                                            PLAINTIFF

V.                                  CIVIL ACTION NO. 3:16-CV-845-DPJ-FKB

CAROLYN W. MEYERS, ET AL.                                   DEFENDANTS

ORDER

Plaintiff Tarek El-Bawab filed this employment-discrimination suit against Jackson State University ("JSU") and others alleging that he was harassed, retaliated against, and wrongfully denied promotion based on his national origin. The case is before the Court on the parties' motions *in limine* [125, 127, 128, and 130].

I.     Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted).

II.     Motions

El-Bawab is an Egyptian with a white complexion who works as an associate professor in JSU's Department of Electrical and Computer Engineering. Although he has applied for promotion to full professor several times, he has never prevailed and believes that his national origin is to blame. As more fully explained in the Court's January 24, 2018 Order [124], the case will proceed to trial on El-Bawab's Title VII retaliation, hostile-work-environment, and national-origin discrimination claims.

In February 2018, the parties filed four motions *in limine* [125, 127, 128, and 130]. Those motions were then discussed during the March 1, 2018 pre-trial conference, but the entire case was put on hold when the parties requested more time to pursue a possible resolution. Since then, protracted negotiations failed and the parties are now disputing whether El-Bawab can again amend his complaints in these consolidated cases to bring new claims that surfaced after the pre-trial conference. Although this Order addresses all evidentiary motions, some are dismissed without prejudice to refiling.

A.     Defendants' Motion *in Limine* to Exclude Certain Matters [125]

Defendants' motion addresses several matters, but only one—dealing with a prior suit—seems ready for consideration. During the pre-trial conference, the Court noted that several matters related to this motion were not ready for decision. For instance, some issues addressed facts that were still evolving, like the status of other EEOC Charges of Discrimination. Others required more specificity from one side or the other, like identifying the alleged comparators. Finally, the Court instructed the parties that additional legal briefing was required. Given the amount of time that passed during settlement negotiations, it is not clear whether the factual bases for these issues has changed, and no date was ever set for supplemental briefing. Rather

than invite that supplemental briefing now, it seems easier to simply address the one issue that is ripe and deny the others without prejudice to refiling once the case is back on track and set for trial.

As for the ripe issue, El-Bawab first sued JSU on August 29, 2011, alleging discrimination when he was passed over for promotion. *See* Compl., *El-Bawab v. Jackson State Univ.*, 3:11-CV-553 (S.D. Miss. Aug. 29, 2011) (*El-Bawab* I). The parties settled on January 13, 2014, and JSU now asks the Court to exclude all evidence of the first suit and its settlement. *See* Jan. 13, 2014 Minute Entry, *El-Bawab* I.

Federal Rule of Evidence 408 states that evidence of a settlement or settlement negotiations is inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." El-Bawab has not shown that the settlement is otherwise admissible, so it will be excluded. As for the suit, the actual filing might be probative because El-Bawab asserts a Title VII retaliation claim. But to date, El-Bawab has not argued that the suit constitutes protected activity. Absent that argument, it would seem that any evidence regarding the first suit would be substantially more prejudicial, confusing, and time consuming than probative. *See* Fed. R. Civ. P. 403; *Hilderbrand v. Levi Strauss & Co.*, No. 3:09-CV-243-DPJ-FKB, 2011 WL 2946717, at *1 (S.D. Miss. July 21, 2011) (granting motion to exclude evidence related to prior lawsuit because it "would unfairly prejudice [defendant], confuse the jury, and potentially require a mini-trial on matters contested in the first dispute"). Finally, any attempt by El-Bawab to re-litigate that prior suit would breach the terms of his settlement agreement.

Accordingly, this portion of the motion is granted. If El-Bawab elects to use the prior suit as proof of protected activity, he must first raise the issue outside the jury's presence. The

Court will then consider whether the mere fact that he filed suit should be admitted with limiting instructions.[1]

B. Plaintiff's Motion *in Limine* to Allow Reference to Race or Color [127]

El-Bawab seeks permission to reference his race and color during trial although his Title VII claims are based on national origin. None of the various complaints in these consolidated cases reference his race or color.[2] But El-Bawab did raise color-based discrimination in response to Defendants' summary-judgment motion. Pl.'s Mem. [101] at 25 (discussing the color of his proposed comparators). The Court rejected that argument in its January 24, 2018 Order [124], holding that El-Bawab failed to exhaust a Title VII color claim. *See* Order [124] at 14–15.

El-Bawab now suggests that race and color might be necessary for identification purposes, and his attorneys indicated during the pre-trial conference that they filed the motion to avoid sanctions in case a witness volunteered this information. Absent some probative value, the motion must be denied and any reference to race or color prohibited. The attorneys for both sides are instructed to inform all witnesses of this and all other *in limine* rulings.

C. Plaintiff's Motion *in Limine* to Exclude Any Mention of Religion [128]

This motion is granted as unopposed.

D. Plaintiff's Motion *in Limine* to Open All Sealed Evidence [130]

The Court sealed numerous documents during discovery, including, for example, employment records for other JSU employees that contain personal identifiers and other

---

[1] As with any motion *in limine*, a ruling does not preclude the non-prevailing party from raising admissibility issues outside the jury's presence at trial.

[2] The Court reviewed El-Bawab's Complaint [1], Amended Complaint [29], and Supplemental Complaint [79] filed in the lead case, 3:15-CV-733, and his Complaint [1] in the member case, 3:16-CV-845.

confidential information. El-Bawab now wants an order lifting the seal so he can use those records at trial. El-Bawab is obviously entitled to introduce relevant and otherwise admissible evidence. But even if admissible, the documents contain information that the Court would still need to protect, perhaps through redaction. Before undertaking that task, El-Bawab needs to tell the Court which specific documents he actually intends to use. The motion is therefore denied without prejudice to refiling with greater specificity.

III.     Conclusion

The Court has considered all arguments. Those not specifically addressed would not change the outcome. For the foregoing reasons, Defendants' motion [125] is granted as to any discussion of the prior lawsuit and settlement but otherwise denied without prejudice; Plaintiff's motion [128] is granted; Plaintiff's motions [127, 130] are denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE