UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DR. TAREK EL-BAWAB                                                              PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:15-CV-733-DPJ-FKB

JACKSON STATE UNIVERSITY                                                        DEFENDANT

consolidated with

DR. TAREK EL-BAWAB                                                              PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:16-CV-845-DPJ-FKB

CAROLYN W. MEYERS, ET AL.                                                      DEFENDANTS

ORDER

Plaintiff Dr. Tarek El-Bawab filed this employment-discrimination suit against Jackson State University ("JSU") and others alleging that he was harassed, retaliated against, and wrongfully denied promotion based on his national origin. The case is before the Court on JSU's motion *in limine* [149]. For the reasons that follow, the motion is granted in part and denied in part.[1]

I.    Standard

As summarized by the Fifth Circuit Court of Appeals,

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

---

[1] This Order is written for the benefit of the parties and the record. For a broader discussion of the facts and procedural history, see the Court's January 24, 2018 Order [124] on JSU's motion for summary judgment.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks omitted).

II.     JSU's Motion *in Limine* to Exclude Certain Matters [149]

JSU seeks to exclude several categories of evidence.  Although it offers a variety of arguments, the Court will address one recurring assertion now.  According to JSU, the Court should exclude evidence that El-Bawab did not rely upon in his response to JSU's Motion for Summary Judgment [95].  But JSU cites no controlling authority supporting its position, and Federal Rule of Civil Procedure 56 is not an evidentiary rule.  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990).  The Court therefore rejects this general argument.

    A.     Motion *in Limine* to Exclude Evidence and Argument Regarding Dismissed Claims

At the November 28, 2018 Pretrial Conference, JSU clarified that this part of the motion is limited to El-Bawab's conversations with the accrediting organization ABET and his emails to then JSU president Dr. Carolyn Meyers.  The motion is granted as to the conversations with ABET and denied as to his emails to Dr. Meyers.

Starting with ABET, El-Bawab's counsel stated at the pretrial conference that he cannot yet prove any decisionmaker was aware of these conversations.  Absent this link, there is no probative value, and any probative value would be substantially outweighed by the risk of confusion and unfair prejudice.  *See* Fed. R. Evid. 403.[2]

As to Dr. Meyers, JSU argues that El-Bawab did not rely on these emails for any claims that survived summary judgment.  As stated above, that argument is not persuasive. Moreover, the emails are probative.  In these emails to the university president, El-Bawab roundly criticized

---

[2] There are other issues with this evidence that the Court need not address in light of the concession.

his departmental colleagues. Yet those same colleagues populated the committees that rejected his promotion application. The evidence is therefore relevant to El-Bawab's claim that the school retaliated against him by stacking the promotion committee with members expected to oppose his promotion. The motion is denied.

      B.      Motion *in Limine* to Exclude Evidence and Argument Regarding the Pending Lawsuit Based on 2017 Promotion Denial and the Pending EEOC Charge Based on 2018 Promotion Denial

El-Bawab still works at JSU and has filed a series of EEOC charges and subsequent Title VII lawsuits. The first was filed in 2011 and later settled. The present case will try two consolidated actions filed in 2015 and 2016, related to denied promotions occurring those years. But El-Bawab did not stop trying, leading to two more denials and two new charges of discrimination. First, JSU denied his promotion application in 2017, resulting in yet another federal suit. He was again denied in 2018, prompting another EEOC charge that has not yet been exhausted. JSU seeks to exclude evidence related to the last two denied promotions.

JSU first states that "[a]ny reference to El-Bawab's *lawsuit* challenging his 2017 promotion denial and pending *EEOC charge* contesting his 2018 promotion denial should be excluded as irrelevant and prejudicial." Def.'s Supp. Mem. [154] at 2 (emphasis added). To the extent the motion seeks to exclude the fact that El-Bawab filed another suit and EEOC charge, there is no probative value. The 2017 and 2018 promotion decisions are not before this Court, so the resulting claims are irrelevant. Moreover, El-Bawab could not offer the new claims as protected activity because they occurred after the allegedly retaliatory decisions. *See Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). For those same reasons, the risk of confusion, delay, and unfair prejudice substantially outweighs whatever probative value might exist. Fed. R. Evid. 403.

3

Having said that, JSU's argument extends past the mere filing of the suit and the EEOC charge, to encompass the facts surrounding the 2017 and 2018 decisions. Def.'s Supp. Mem. [159] at 5. This presents a different issue.

JSU tacitly acknowledges that there may be some probative value to this evidence, arguing instead that it should be excluded under Rule 403 based on unfair prejudice and confusion. JSU says that it would be forced to "'try' El-Bawab's subsequent promotion denials (2017 and 2018) as part of the current case." *Id.*

El-Bawab obviously opposes the motion, making two basic points. First, he says he "is trapped in an ongoing infliction of materially harmful decisions from JSU, including the failure to promote that prevents his successful escape from his tenured position here." Pl.'s Supp. Mem. [153] at 9–10. This argument suggests that El-Bawab wants to try all alleged misconduct in this suit, which would give him two bites at the apple as to the conduct he alleges in his newest suit and separate EEOC charge. The argument fails to rebut JSU's Rule 403 argument.

El-Bawab's next argument is a little better. As noted above, he claims that JSU packed the promotion committee with members he disparaged, which—according to him—constitutes retaliatory conduct and harassment. He now hopes to show that a differently comprised committee approved his application in 2018, before it was later rejected at a higher level of review. In other words, he thinks his limited success with different decisionmakers in 2018 proves the subject committees retaliated against him in 2015 and 2016.

There may be some probative value to that argument, but whatever may exist is substantially outweighed by the risk of confusion, delay, and unfair prejudice. Fed. R. Evid. 403. As an initial point, El-Bawab's 2017 and 2018 applications were not ultimately successful— hence the new claims. So if he were allowed to offer evidence regarding the limited success he

4

achieved, JSU would be allowed to put on evidence showing why the applications were nevertheless rejected.

The history of these ongoing disputes amplifies why such mini-trials would violate Rule 403. El-Bawab and his co-workers have locked horns since at least 2009, resulting in three federal lawsuits with one more on the way. This suit addresses consolidated claims regarding alleged conduct starting in 2014. A quick glance at El-Bawab's summary-judgment response and supporting record evidence—most notably his own affidavit—demonstrates the numerous alleged confrontations and grievances that will be disputed at trial. Indeed, El-Bawab has identified 131 exhibits—many of which are extensive collective exhibits—and he believes the evidence is so voluminous that it "cannot be conveniently examined in court" justifying a summary. Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.").

Adding mini-trials over employment decisions that will be litigated in other cases would only delay this matter, confuse the jury, and unfairly prejudice the parties in a way that substantially outweighs the probative value. *See Hankins v. Ford Motor Co.*, No. 3:08-CV-639-CWR-FKB, 2012 WL 174793, at *4 (S.D. Miss. Jan. 20, 2012) (holding that "Court will not permit the trial to deteriorate into a series of mini-trials about prior similar accidents").[3]

---

[3] El-Bawab could suffer prejudice himself were the Court to allow JSU's evidence on these tangential decisions. Moreover, the Court's own conversations with the parties over the last year suggest that it would be difficult to separate the parties' settlement postures from the promotion decisions made in 2017 and 2018. El-Bawab actually hinted at that point, observing in his supplemental memorandum that JSU's counsel may have helped derail his most recent application for promotion. Again, all that can be sorted out in the other cases, but the evidence would violate Rule 403 in the present action.

C. Motion *in Limine* to Exclude Evidence and Argument of Comparator Evidence of Qualifications Other Than Grant Procurement

At the pretrial conference, El-Bawab proffered various comparators, and the parties are now conferring to determine whether they are proper. For administrative purposes, the motion is denied without prejudice; JSU may refile the same type motion if necessary.

D. Motion *in Limine* to Exclude Evidence and Argument of Protected Activity Other Than the El-Bawab's Filing of EEOC Charge No. 423-2015-004400

JSU sought to limit evidence of protected activity identified in El-Bawab's Response in Opposition [101] to summary judgment. For the reasons stated above, the motion is denied. That said, the Court instructed El-Bawab to identify the acts upon which he will rely and then provide legal argument explaining why those acts constitute protected activity under Title VII. As addressed in a separate order, El-Bawab's response did not clarify the issue, so he was given additional time to fully comply.

E. Motion *in Limine* to Exclude Evidence and Argument of Proposed but not Enacted CSET Promotion and Tenure Criteria Document

El-Bawab's affidavit referenced an alleged update to the College of Science, Engineering, and Technology's criteria for promotion to full professor. JSU says this update was neither implemented as policy nor used as the criteria for evaluating El-Bawab's 2015 and 2016 promotion applications. El-Bawab has the burden of establishing relevance, and at this point he has not done so. The motion is therefore granted. If El-Bawab concludes that he can establish relevance, he is instructed to inform the Court by January 18, 2019, that he needs an evidentiary hearing on this issue.

III.	Conclusion

For the reasons stated, JSU's motion is granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE